IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-255-D

|  |  |  |
|---|---|---|
| GLADYS GREENE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

On December 11, 2013, Gladys Greene ("Greene" or "plaintiff") sued Nationwide Mutual Fire Insurance Company ("Nationwide" or "defendant"). See Compl. [D.E. 1]. The dispute involves an insurance claim that Greene filed under her Standard Flood Insurance Policy ("SFIP"). See id. ¶¶ 15, 18. Greene contends that Nationwide breached its contract with her and owes her additional money under the SFIP. See id. ¶¶ 21–23. On September 5, 2014, Nationwide moved for summary judgment. Nationwide contends that Greene did not timely submit a signed and sworn proof of loss for the additional payments she now seeks and that the applicable one-year statute of limitations bars her claim. See [D.E. 28] ¶¶ 2–5. Greene responded in opposition [D.E. 31], and Nationwide replied. See [D.E. 34]. As explained below, the court grants Nationwide's motion for summary judgment.

I.

Greene purchased a SFIP for the period from September 7, 2010, to September 7, 2011, for her property in Bayboro, North Carolina. Compl. ¶¶ 5, 9. On August 27, 2011, Hurricane Irene came ashore near Atlantic Beach, North Carolina. Id. ¶ 13. Due to Hurricane Irene's storm surge and rain, the Bay River rose and flooded Greene's property. Id.

On August 31, 2011, an independent adjustor with Colonial Claims Corporation inspected Greene's property. See Magnusun Decl. [D.E.28-2]; [D.E. 28-4], Ex. A-2 . On October 20, 2011,

Greene signed a proof of loss seeking $50,710.43. See [D.E. 28-6], Ex. A-4. On December 13, 2011, Nationwide sent Greene two checks: one in the amount of $33,041.17 for building damage and one in the amount of $21,000 for content damage. See [D.E. 28-7], Ex. A-5.

On December 13, 2011, Greene signed a supplemental proof of loss seeking $56,466.10. See [D.E. 28-9], Ex. A-7. On January 18, 2012, Nationwide issued Greene a check for $6,623.29 for heat pumps. See [D.E. 28-10], Ex. A-8. By letter dated February 13, 2012, Nationwide denied, as already paid, the remainder of Green's supplemental claim. See [D.E. 28-11], Ex. A-9.

In July 2012, Greene's adult daughter, Cynthia Anderson, contacted Nationwide about receiving additional money for repairs to Greene's property. See Anderson Aff. [D.E. 31-1] ¶ 10. On July 11, 2012, Nationwide wrote Greene and told her that it had received her "request to reopen the ... flood claim." [D.E. 28-13], Ex. A-11. Nationwide noted that Greene's claim had already been "paid and closed" and advised that if Greene wanted Nationwide "to consider anything further, [she should] submit all itemized paid receipts and/or documentation for covered flood damages or a signed contractor's unit cost room by room estimate." Id. Nationwide's letter also stated that, upon receipt of the requested information, Nationwide would "review [the information]," but until receiving such information, "this file shall remain closed." Id.

In August and November, Greene provided additional information. See Anderson Aff. ¶¶ 12–14; [D.E. 28-12], Ex. A-10. Nationwide reviewed the information and sent similar, additional denial letters to Greene dated August 21, 2012, September 4, 2012, November 14, 2012, and December 11, 2012. See [D.E. 28-14], Ex. A-12; [D.E. 31-1] 29–31. Greene filed suit on December 11, 2013.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

2

Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not rest on "mere allegations or denials in [its] pleading," Anderson, 477 U.S. at 248–49 (quotation omitted), but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Greene contends that Nationwide breached its contract with her by failing to pay for all covered losses under the SFIP. See Compl. ¶¶ 21–23. In order to prove breach of contract under North Carolina law, a plaintiff must prove (1) the existence of a valid contract, and (2) a breach of the terms of the contract. See, e.g., McLamb v. T.P. Inc., 173 N.C. App. 586, 588, 619 S.E.2d 577, 580 (2005), disc. rev. denied, 360 N.C. 290, 627 S.E.2d 621 (2006); Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000); Jackson v. Carolina Hardwood Co., 120 N.C. App. 870, 871, 463 S.E.2d 571, 572 (1995). An insurance policy is a contract, and the policy's provisions govern the rights and duties of the contracting parties. See, e.g., Gaston Cnty. Dyeing Mach. Co. v. Northfield Ins. Co., 351 N.C. 293, 299, 524 S.E.2d 558, 563 (2000); C.D. Spangler Constr. Co. v. Indus. Crankshaft & Eng'g Co., 326 N.C. 133, 142, 388 S.E.2d 557, 562 (1990).

Nationwide issued Greene's SFIP under the National Flood Insurance Program ("NFIP"). See Compl. ¶¶ 7–10. The SFIP is governed by the National Flood Insurance Act, 42 U.S.C. §§

3

4001–4129, and its implementing regulations. The Director of the Federal Emergency Management Agency ("FEMA") oversees and implements the NFIP. See 42 U.S.C. § 4011. Pursuant to the NFIP and FEMA regulations, policies issued under the NFIP must be issued using the terms and conditions of the SFIP found in 44 C.F.R. Part 61, Appendix A. See 44 C.F.R. §§ 61.4, 61.13.

Under its authority, FEMA authorized private insurance companies to issue SFIPs under their own name. See 44 C.F.R. § 62.23. Private insurance companies that participate in this program are known as "Write Your Own" ("WYO") Companies. See id. "A WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the [NFIP], based upon the terms and conditions of the [SFIP]." 44 C.F.R. § 62.23(d).

FEMA requires private insurers to adhere to SFIP's terms and conditions. See 44 C.F.R. §§ 61.13(a), (d), (e), (f); see also 44 C.F.R. pt. 61, App. A(1). WYO Companies cannot change the SFIP or waive its provisions. See 44 C.F.R. pt. 61, App. A(1), Art. VII(D). The SFIP requires a claimant to file, within 60 days after the loss, a signed and sworn proof of loss listing, among other things, (1) the amount claimed due under the policy and (2) "an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss." See 44 C.F.R. pt. 61, App. A(1), Art. VII(J)(3) & (4).

With respect to losses due to Hurricane Irene, FEMA extended the 60-day deadline for policy holders in North Carolina to submit the required filings to January 23, 2012. See [D.E. 28-3], FEMA Bulletin W-11120, Ex. A-1. Thus, Greene had until January 23, 2012, to submit her proof of loss to Nationwide for damage to her property caused by Hurricane Irene. See id.

In seeking summary judgment, Nationwide contends that Greene's failure to timely file a signed and sworn proof of loss for the additional money that she now seeks defeats her claim. This

argument has force. See, e.g., Suopys v. Omaha Prop. & Cas., 404 F.3d 805, 810 (3d Cir. 2005) ("[S]trict adherence to SFIP proof of loss provisions, including the . . . period for providing proof of loss, is a prerequisite to recover under the SFIP."); Dawkins v. Witt, 318 F.3d 606, 612 (4th Cir. 2003) ("[A] claimant [must timely] file a proof of loss . . . to receive coverage regardless of the circumstances of the claim."); Sun Ray Vill. Owners Ass'n v. Old Dominion Ins. Co., 546 F. Supp. 2d 1283, 1289 (N.D. Fla. 2008) ("Strict adherence to the proof of loss requirements is a condition precedent to recovery . . . . Substantial compliance is not sufficient."); Howell v. State Farm Ins. Cos., 540 F. Supp. 2d 621, 628 (D. Md. 2008) ("[A] policyholder must submit a timely proof of loss for a specific sum certain in order to sue for benefits."); Messa v. Omaha Prop. & Cas. Ins. Co., 122 F. Supp. 2d 523, 529–30 (D.N.J. 2000) ("Plaintiffs' failure to submit a proof of loss statement, late or otherwise, for an amount in excess of that already paid by [the insurer], represents a complete failure to comply with the federal regulations and the terms of their SFIP.").

In opposition, Greene contends that her request for additional money was not a claim for a new loss. See Pl.'s Resp. [D.E. 31] 6–7. Instead, she "was seeking a modification to the amount asked for in her proof of loss." Id. 7. Greene's argument, however, fails. See, e.g., Ambassador Beach Condo. Ass'n, Inc. v. Omaha Prop. & Cas. Ins. Co., 152 F. Supp. 2d 1315, 1315–17 (N.D. Fla. 2001) (denying an insured's "claim for payments in excess of the amount adjusted and paid" because it was "not made within 60 days of the loss"); Dogwood Grocery, Inc. v. S.C. Ins. Co., 49 F. Supp. 2d 511, 513 (W.D. La. 1999) (finding that "a claim which has been adjusted and for which payment has been offered and accepted" may not "be resubmitted upon subsequent discovery of additional facts"); see also Dawkins, 318 F.3d at 612; Howell, 540 F. Supp. 2d at 624–25; Messa, 122 F. Supp. 2d at 529–30; 44 C.F.R. Pt. 61, App. A(a), Art. VII(M)(2)(c) (noting that any amended proof of loss must be filed within 60 days of the date of the loss). Moreover, Nationwide had no

legal obligation to advise Greene of the time requirements for submitting a proof of loss or an amended proof of loss. See, e.g., Howell, 540 F. Supp. 2d at 631–32.

Alternatively, the documentation that Greene submitted from Anthony D. French Real Estate and Development, LLC, [D.E. 28-12], Ex. A-10, does not meet the supporting documentation requirements under Articles VII(J)(3), VII(J)(4)(f), and VII(R) of the SFIP. Article VII(J)(3) requires a policyholder to "[p]repare an inventory of damaged property, showing the quantity, description, actual cash value and amount of loss [, and] [a]ttach all bills, receipts, and related documents" concerning the proof of loss. Article VII(J)(4) requires the proof of loss to contain, inter alia, "[s]pecifications of damaged building and detailed repair estimates." Article VII(R) requires a claimant to comply "with all requirements of the policy." Here, Greene failed to submit a signed and sworn amended proof of loss with adequate documentation to support paying her the additional money. See [D.E. 28-13], Ex. A-11. Thus, Nationwide did not breach the contract, and Greene's claim fails. See, e.g., Howell, 540 F. Supp. 2d at 627–28 ("[P]olicyholders will be bound by the amounts they claim in timely proofs of loss."). Moreover, the court has reviewed the two cases that Greene cites in opposition,[1] and finds them distinguishable for the reasons stated in Nationwide's reply brief. See Def. Reply Br. [D.E. 34] 4–7.

Alternatively, Greene's claim fails because even if she submitted a timely and properly documented amended proof of loss for the additional money, she failed to file suit within one year of the February 13, 2012 letter, denying, in part, her supplemental claim. See Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 605 (4th Cir. 2002); 44 C.F.R. Pt. 61 App. A(2), Art. VII (R) ("You may not sue . . . to recover money under this policy unless you have complied with all requirements of the

---

[1] Aylward v. Fed. Emergency Mgt. Agency, 781 F. Supp. 2d 272, 277 (W.D.N.C. 2011); Sun Ray Vill. Owners Ass'n, 546 F. Supp. 2d at 1292.

6

policy. If you do sue, you must start the suit <u>within one year of the date of the written denial</u> of all <u>or part</u> of the claim . . . .") (emphasis added). Because Greene waited until December 11, 2013, to file suit, her action is untimely. Furthermore, Nationwide's correspondence with Greene dated August 21, 2012, September 4, 2012, November 14, 2012, and December 11, 2012, does not alter this conclusion. In all of the correspondence, Nationwide made clear that the file remained closed. Thus, Greene's lawsuit is untimely.

II.

In sum, the court GRANTS defendant's motion for summary judgment [D.E. 28]. The clerk shall close the case.

SO ORDERED. This **26** day of November 2014.

*[signature]*
JAMES C. DEVER III
Chief United States District Judge